SIEBER, Relator, v. McCAFFERY et al., BOARD OF ELECTION COMMISSIONERS OF THE CITY OF ST. LOUIS, Respondents.

St. Louis Court of Appeals, October 18, 1904.

ELECTIONS: Nominating Conventions: Petition for Mandamus. A petition for a writ of mandamus to compel the board of election commissioners of the city of St. Louis to print relator's name on the official ballot as a party nominee for State Senator, alleged a call by the party central committee for primaries to elect delegates to a city convention and also to nominate district candidates for State senators and State representatives, and that the delegates of the city convention, after adjournment, of the city convention, were to divide themselves into their respective senatorial and representative districts for the purpose of nominating such candidates. Held, the petition was defective, first, because it failed to allege that the board of election commissioners published notices of the primary elections called for in the manner required by section 12 of the Act of 1901 (Act of 1901, p. 153). Second, because there was no averment that the delegates, who met in the senatorial district to nominate the relator, were duly elected delegates to the city convention.

Original Proceeding for the Writ of Mandamus.

WRIT QUASHED.

STATEMENT.

This is a proceeding to compel by mandamus the election commissioners of the city of St. Louis to print the relator's name on the official ballots to be voted at the general election on November 8, 1904, as the regular nominee and candidate of the Democratic party for the office of State senator for the Thirty-First senatorial district.

The petition of the relator Sieber is recited in the alternative writ of mandamus issued by this court and contains the allegations of fact on which the relator depends. With the lists of delegates to be chosen in the different city wards abridged, the petition is copied:

"'PETITION FOR MANDAMUS.

In the St. Louis Court of Appeals.

"State of Missouri, City of St. Louis, ss.
"In the matter of
George J. Sieber, ex parte.

"To the Honorable Judges of said Court:
"The petitioner, George J. Sieber, respectfully represents that on the —— day of ——, 1904, the Democratic city central committee of the city of St. Louis, issued the following call, for a primary election:

" 'St. Louis, Missouri, ——, 1904.
" 'To the Honorable Board of Election Commissioners:
" 'City of St. Louis, Missouri.
" 'Gentlemen:
" ' 'Pursuant to the statutes relating to primary elections, the Democratic city central committee of the city of St. Louis, Missouri, being the managing and controlling committee of the Democratic party within said city, hereby notifies your honorable board to call and

hold a primary election on the third day of October, 1904, in the various wards and precincts of the city of St. Louis, Missouri, for the purpose of electing delegates to a Democratic city convention to be held at —— on the fourth day of October, 1904, at 10 o'clock a. m. for the purpose of nominating candidates for the following offices, to-wit:

" 'Five judges of the circuit court of the city of St. Louis, Missouri.

" 'Circuit attorney.

" 'Assistant circuit attorney.

" 'Sheriff.

" 'Public administrator.

." 'Coroner.

" 'The delegates elected to said city convention shall also nominate in district conventions candidates for the following officers:

" 'Three (3) State senators.

" 'Sixteen (16) State representatives.

" 'The delegates elected to said city convention from the various wards will name a member of the Democratic city central committee to represent their wards in said committee for the ensuing two years.

" 'The quota of delegates from each ward to the city convention will be as follows:

Ward 1 ...........................9 delegates, etc.

· " 'The delegates to the city convention will after adjournment of said city convention, divide themselves into their respective senatorial and representative districts and nominate one senator for each of the Twenty-ninth, Thirty-first and Thirty-third senatorial districts, and three (3) representatives in districts one, two, three and four, and two (2) representatives in districts 5 and 6.

" ' 'The senatorial and representative districts are composed of the following wards and precincts, and are entitled to representation as follows, in the respective convention:

" 'Twenty-Ninth Senatorial District.
Ward 9 .........................5 delegates, etc.
" 'Thirty-First Senatorial District. .
Ward 3 ........................ 14 delegates, etc.
[Then followed the number of delegates from the respective wards in the different districts.]

" 'Said city convention will also transact such other business as may lawfully come before it.

" 'By order of the Democratic city central committee.

" 'JOHN R. McCARTHY, Chairman.
" 'Attest: —— Secretary.'

"That pursuant to said call there was held in the city and State aforesaid on the third day of. October, 1904, a Democratic primary at which were elected the delegates from the various wards to appear at a nominating convention; that on the fourth day of October, 1904, pursuant to said call, there was held in the city of St. Louis a Democratic city convention which nominated certain city and State officers as candidates to be placed on the Democratic ballot to be voted on the eighth day of November, 1904; that subsequently, on the fifth day of October, there was held a convention in the city and State aforesaid at Druid's Hall in the Thirty-first senatorial district; that said convention was called to order at 8:30 p. m., there being no person present with written authority from the chairman of the committee from whom the call emanated, said convention was called to order by John R. McCarthy, chairman of the Democratic city central committee aforesaid; that on motion made and seconded, Henry M. Walsh was named as temporary chairman, elected and duly and legally installed and that Isaac Conran was elected by said convention to act as temporary secretary; that a motion was then made that one representative from each ward be named for the committee on credentials and permanent organization: that the committee on resolutions be dispensed

with, and that only those delegates appearing in the convention without contest from their wards be allowed to have representation in said committees. This motion, duly seconded, was unanimously carried. The wards were then polled, the Fourth and Fifteenth wards refusing to name any person to represent them in either committee. The Third and Sixteenth wards presenting contests.

The committee on credentials was directed to report to the left of the chairman; the committee on permanent organization was directed to report on the right of the chairman. The committee on credentials announced in the hall that there had been presented to them affidavits contesting the straight Democratic delegation in the Third ward and the regular Democratic delegation from the Sixteenth ward. The committee on permanent organization reported to the convention that they recommended as permanent officers of the convention, Henry M. Walsh, for chairman, Isaac Conran for secretary, and John Almus for sergeant-at-arms. The committee on credentials reported to the convention that they recommended the seating in the convention of the regular or Miles delegation from the Third ward, and the straight or Naughton delegation from the Sixteenth ward. On motion, the recommendation of the committee on credentials was unanimously carried. The recommendation of the committee on permanent organization was regularly placed before the convention and unanimously carried, and the officers recommended, were duly and legally installed. Nominations were then called for, for the naming of a candidate to be placed on the Democratic ballot for the election to be held November 8, 1904, to fill the office of State senator from the Thirty-first Missouri senatorial district. The wards were polled, the Fourth and Fifteenth refusing to name any candidate. The name of Gorge J. Sieber was placed in nomination. No other

candidate being named, the wards were called and Sieber was made the nominee of said convention.

"There were present the following delegates: Ward 3 ........................14 delegates, etc.

"The delegates from wards 4 and 15 refused to vote so that the vote cast for George J. Sieber numbered 47 delegates.

"The convention then adjourned.

"On the seventh day of October, 1904, this petitioner, with the chariman of said convention appeared in the office of the board of election commissioners of the city of St. Louis, and filed the nomination of said convention for said office in proper and legal form. On the seventeenth day of October, 1904, this petitioner was notified through his attorney by John P. Ellsperman, the secretary of the board of election commissioners, that the board of election commissioners had decided that he was not a regularly nominated candidate and that this petitioner's name would not appear on the ballot under the caption of the Democratic party.

"Your petitioner further represents that the said board of election commissioners, acting without right and in defiance of law, have determined to place on the said Democratic ballot to be voted as aforesaid, the name of one Thomas Kinney, who has never been nominated by any convention and who, being a member of the House of Delegates of the city of St. Louis, is, under the twelfth section of article 4 of the Constitution of the State of Missouri, ineligible even to receive a nomination for said office. That the acts of the said board of election commissioners are designed to carry out a malicious, oppressive and illegal determination to prevent this petitioner from being properly placed on the Democratic ballot aforesaid.

"Your petitioner further states that he is remediless in the premises by or through ordinary process or proceedings at law, and he therefore prays this honorable court to award against James McCaffery, John

M. Wood and Louis P. Aloe, constituting the board of election commissioners of the city of St. Louis, a writ of mandamus commanding them to vacate and annual all their acts taken as aforesaid and to recognize your petitioner as the lawful nominee of the Democratic party for the office of State senator from the Thirty-first senatorial district of Missouri, and direct that this petitioner's name be placed on said ballot and that the name of Thomas Kinney be stricken from said ballot, and for such other process, orders and remedies as to the court may seem meet.

(Signed)                              "Geo. J. Sieber.

"State of Missouri, City of St. Louis, ss.:

"On this eighteenth day of October, 1904, personally appeared before me —— ———, a notary public in and for the city of St. Louis and State of Missouri, Geo. J. Sieber to me personally known as the same person who subscribed the foregoing in my presence and being duly sworn states that all the foregoing facts are true to the best of his knowledge and belief.

"My term expires on the thirtieth day of June, A. D. 1906.

[Seal.]            (Signed.)   "Peter J. Nolan,
        "Notary Public, City of St. Louis, Missouri."

On the return day of the alternative writ, respondents appeared and moved to quash it for various reasons, and among them one, the substance of which may be stated as follows: The alternative writ fails to show the delegates who met in senatorial convention at Druid's Hall at 8:30 p. m., October 5, and nominated the relator for senator, were duly elected and accredited delegates from their respective wards to the general city Democratic convention, chosen by the Democratic voters of their wards, pursuant to a call for primaries and conventions to nominate candidates of the Democratic party for the different offices named in the call,

including a candidate for State senator for the Thirty-first senatorial district.

GOODE, J. (after stating the facts).—The regulations of primaries and conventions in cities of over three hundred thousand population are contained in an Act of the General Assembly, approved March 13, 1901, entitled, ''Primaries—Cities of 300,000 inhabitants and over'' (Session Acts 1901, p. 146) and in article 4, chapter 102, Revised Statutes 1899, in so far as the provisions of the article are not altered by said act. There are some changes not material to the case before us in the Session Acts of 1903. The general provisions of the statutes with respect to the nomination of candidates, which are not inconsistent with those particular provisions regulating cities of the size mentioned, also apply. Candidates for State offices must be nominated by political parties or on the petition of electors. R. S. 1899, ch. 102, art. 2. The present relator contends that he was duly nominated by the senatorial convention of the Democratic party of his district. The mode of calling the nominating conventions of a political party in St. Louis, or any other city of the State of the requisite population, is prescribed in section 12 of the act approved March 13, 1901. The statutes in respect to such conventions recognize the central committees of the different political parties and confer certain duties and powers on them. R. S. 1889, sec. 7088. The cited section of the Act of 1901, in so far as it is material, reads as follows:

''Whenever the general committee representing a political party in any city to which this act is applicable, or the committee representing a district in such city, shall officially call a primary election at which the electors belonging to such party in such city, or district, shall select; (1) delegates from the various wards in such city, or district, to any convention of such party to be held for the purpose of nominating a candidate,

or candidates, for public office; (2) to nominate by direct primary vote a candidate, or candidates for public office; (3) to select, either by direct vote, or through delegates elected at such primary, the representative of the managing committee of such party from any district or ward in such city, the chairman of such committee shall certify and deliver to the election commissioner a statement of the conventions, committees, and offices for which delegates, members or candidates, as the case may be, are to be elected thereat, and the number of delegates to conventions apportioned among the various wards in such city or district, and members of the committees to be elected in each ward or district. The election commissioners shall forthwith prepare a notice of such official primary election, and shall publish such notice for at least three days prior to such primary election in at least one newspaper having a general circulation in the city in which such primary is held, of the political faith of the party calling such primary. Such notice shall specify the day of such primary election, the hours during which it shall be held, the location of each polling place, the election precincts whose electors may vote at each polling place, the name of the party whose primary election will be held thereat, and the conventions, committees and offices for which delegates, members or candidates, as the case may be, will be voted thereat. Such notice shall also specify the number of delegates to which each ward in such city or district, is entitled, in case a delegate convention is called.''

That law requires the general city committee of a political party, when candidates are to be nominated, to call a primary election at which the electors shall choose delegates to a nominating convention or nominate the candidates by a direct vote in the primaries. According to the relator's petition, the Democratic nominations were to be made this year by a general city convention as to candidates for offices to be voted for

in the city at large, and by district conventions as to candidates for the various district offices. In regard to the make-up of the district conventions the averments of the petition are as follows: *"The delegates elected to said city convention* shall also nominate in district conventions candidates for the following offices: Three (3) State senators; sixteen (16) State representatives. The delegates elected to said city convention from the various wards will name a member of the Democratic city central committee to represent their wards in said committee for the ensuing two years." And again: *"The delegates of the city convention will,* after adjournment of said city convention, divide themselves into their respective senatorial and representative districts and nominate one senator for each of the Twentyninth, Thirty-first and Thirty-third senatorial districts," etc. Those averments show that only duly elected and accredited delegates to the general city convention had the right to participate in the several district conventions to nominate State senators and representatives. The petition then states that pursuant to the call of the general committee, which is recited, "there was held in the city and State aforesaid, on the third day of October, 1904, a Democratic primary at which were elected the delegates from the various wards to appear at a nominating convention; that on the fourth day of October, 1904, pursuant to said call, there was held in the city of St. Louis, a Democratic city convention which nominated certain city and State officers as candidates to be placed on the Democratic ballot to be voted on the eighth day of November, 1904; *that subsequently, on the fifth day of October, there was held a convention in the city and State aforesaid at Druid's Hall in the Thirty-first senatorial district;* that said convention was called to order at 8:30 p. m. and there being no person present with written authority from the chairman of the committee from whom the call emanated, said convention was called to order by John

R. McCarthy, the chairman of the Democratic city central committee, aforesaid.'' The petition then goes on to state that said Druid's Hall convention organized and 'appointed committees on credentials and permanent organization; that the committee on credentials reported contests in the Third and Sixteenth wards and recommended the seating of the Miles delegation from the Third ward and the Naughton delegation from the Sixteenth ward; which report was adopted; that afterwards nominations for State senator were called for and relator Sieber was nominated.

Two defects are noticeable in the allegations of the petition for an alternative writ and in the alternative writ itself, which merely followed the allegations of the petition: First, while the petition alleges a call by the Democratic central committee of the city for primaries to elect delegates to a city convention to nominate candidates to be voted for in the city at large and also district conventions to nominate candidates for senators and representatives, there is no averment that the board of election commissioners of St. Louis published notices of the primary elections called for, in the manner required by section 12. For aught that appears in the petition the primary elections were held without notice from the election commissioners. Second, there is no averment that the delegates who met in the Thirty-first district to nominate a senator were duly elected delegates to the city convention. It is manifest that, according to the call of the general committee (which is relied on by the relator as the sole authority for holding any of the conventions mentioned in the petition) no delegates had authority to participate in the senatorial and representative conventions of the several districts except such as had been elected to the general city convention, and that the senatorial and representative conventions were to be composed of delegates of the respective districts, who had been elected to the general convention. It should have been averred, therefore, in

order to show authority in the senatorial convention of the Thirty-first district to nominate the relator, or anyone else, that that convention was made up of duly chosen and accredited delegates from the district to the city convention. Nothing of the kind is alleged; so there is nothing to show that said convention was composed of delegates chosen by Democratic voters to nominate a Democratic candidate for State senator; or, indeed, that it was composed of duly accredited delegates at all. For the persons who assembled in the senatorial convention to have power to nominate a candidate, they must have been the accredited delegates from the district to the city convention; and whether they were or not, was to be settled by the city convention itself, which the law made the judge of who were delegates to it chosen by the proper electors. This is provided for in the last clause of section 22, Act of 1901, aforesaid, which among other things contains this provision: "Before entering upon their duties the temporary and permanent chairman of every convention and the chairman of any committee on contested seats therein, shall respectively take an oath to faithfully perform the duties of their offices, which oath may be taken before any officer authorized by law to administer an oath, and shall form a part of, and be filed with, the records of the convention. *Each convention shall decide all questions as to contested seats therein.*" The next section (23) provides for a review of the action of the officers of a political convention with respect to the right of any person to participate in a primary election, convention, committee, etc., by mandamus, or certiorari, and for a summary review by the judges of designated courts. For aught that appears in the relator's petition, the members of the convention which nominated him were never voted for as delegates to a regularly called Democratic convention of the city of St. Louis, or, if voted for, were never adjudged by the convention to be entitled to seats in it. Authority in them to meet in a dis-

trict convention to nominate a candidate for State senator is not directly shown by the petition, nor any facts stated from which it may be fairly inferred. It follows that the alternative writ should be quashed. It is so ordered. All concur.