STATE ex rel. GLENN et al., Appellants, v. SMITH et al., Respondents.

St. Louis Court of Appeals, February 4, 1908.

1. MANDAMUS: Pleading: Parties: Road Districts. In an alternative writ of mandamus, issued against the judges of a county court to compel them to canvass and declare the result of an election to establish a road district, under the provisions of article 10, chapter 151, Revised Statutes 1899, where it is alleged in the petition for the writ that the relators are qualified voters, taxpayers and citizens of the proposed road district, this is sufficient allegation of their interest in the subject-matter to entitle them to sue.

State ex rel. v. Smith.

2. ———: ———: Road Districts: Judges of Election. An alternative writ of mandamus, directed to the judges of a county court requiring them to canvass and declare the result of a special election to establish a road district under the provisions of article 10, chapter 151, Revised Statutes 1899, or show cause why it should not be done, need not allege that judges of such special election were appointed in the manner required by law; statutory provisions regarding the *mode* of conducting elections are generally held to be directory, and the failure to comply with them is an irregularity which does not usually invalidate the election unless the statute so declares.

3. ———: Road Districts: Notice of Election. An election to establish a road district under the provisions of article 10, chapter 151, Revised Statutes 1899, is void unless the notice required by section 9631 of that act is given, and where such an election is held without giving such notice, the county court could not be compelled by mandamus to enter an order declaring that article to be the law in the road district where the election is held.

4. ———: Pleading: General Allegations Insufficient. An alternative writ of mandamus must clearly show the relator is entitled to some right the respondent had denied him and a general allegation to that effect is insufficient; the specific facts which confer the right on the relator and impose the duty on the respondent must be stated.

5. ———: ———: ———: Road District: Notice of Election. An alternative writ of mandamus directed to the judges of a county court requiring them to canvass and declare the result of an election to put in force article 10 of chapter 151, Revised Statutes 1899, in a special road district, must allege that notice of the election was given by the county court as required by section 9631 of said article. An allegation setting forth an order by the county court ordering the election and stating the manner in which notice should be given, is an insufficient averment that the notice actually was given.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Pearson & Pearson* and *Ball & Sparrow* for appellants.

The court will observe from section 9631 that the law is mandatory, it says that the court shall declare the

result of the vote, and make an order declaring article ten to be the law. The section does not say when the court shall so declare, therefore, it may be done at any term of the court. But in this instance, the court, by order of court as shown by the record, refused to make the order as required by said section. This section seems never to have been construed. The nearest we come to it is the case of State ex rel. v. Gordon, 197 Mo. 55.

*James W. Reynolds*, Prosecuting Attorney, *E. W. Major* and *J. D. Hostetter* for respondents.

STATEMENT.—An alternative writ of mandamus was issued on the petition of relators against defendants, as judges of the county court of Pike county. The purpose of the proceeding is to compel defendants, as judges, to canvass, cast up and declare the result of an election alleged to have been held March 3, 1905, to establish a special road district under the provisions of article 10, chapter 151, Revised Statutes 1899. The question for decision on this appeal is the sufficiency of the allegations of the alternative writ, to which a demurrer was filed and sustained by the court; whereupon, after final judgment had been entered, this appeal was prosecuted. The alternative writ avers, in substance, it had been represented to the judges of the circuit court of Pike county, that on February 5, 1906, the county court of Pike county ordered a special election to be held March 3, 1906, to establish a special road district as afterwards set out; but the judges of said county court had refused to make an order of record as directed by section 9631 of the statutes. After making those statements, the alternative writ sets out *in haec verba* the petition which had been presented to the circuit judge for said writ, and after copying said petition in full, concludes by ordering the defendants, without further excuse or delay, to canvass, cast up and declare the result of the election and make an order as required by section 9631 of the statutes or

show cause why this should not be done, before the circuit court of Pike county on a designated day. As the main part of the alternative writ is composed of the petition for it, which is copied into it, the sufficiency of the writ must be determined from the allegations of the petition. This petition alleges the relators Edward A. Glenn, Joseph H. Russell and Pembroke Senteny, are directly interested in the establishment of the special road district in controversy, are tax-paying citizens of said district and that they and the people of said district are remediless in the premises by or through the ordinary processes or proceedings at law, and therefore ask relief against the county court of Pike county by mandamus, to compel said court to cast up and canvass the result of the election to establish the special road district. It is further alleged that on February 5, 1906, certain qualified voters, more than fifty in number, residents and taxpayers of the district and territory described, presented a written petition to the county court, requesting said court to submit Article 10, Chapter 151 of the Revised Statutes of Missouri, to a vote of the people of a described territory at a special election to be held for the purpose, at such time and place as the county court might prescribe, for the purpose of organizing said territory into a special road district. The petition to the county court is incorporated in haec verba in the petition of relators to the circuit judge for the writ of mandamus. The petition for the writ of mandamus then alleges the petition for the special election was read, seen, heard and duly considered by said county court during the regular February term, 1906, of said court, and the court, after considering the same, caused to be made the following record entry, to-wit:

"State of Missouri, County of Pike, ss.    February term, 1906.

"In the County Court of said county on the 5th day

of February, 1906, the following, among other proceedings, were had, viz:

"In the matter of the petition of Joe H. Russell et al, for an election to incorporate a special road district.

"Now at this day come Joe H. Russell (here follow many other names) qualified voters and resident taxpayers of the district and territory hereinafter described, and respectfully request the court to submit article ten (10) of chapter one hundred and fifty-one (151), Revised Statutes of Missouri, 1899, to a vote of the people of the following described district and territory, to-wit:

"(Here follows description of territory).

"Which said petition being seen and heard and all and singular the premises being duly considered, the court finds that said petition is signed by more than fifty qualified voters who are resident taxpayers of the aforesaid proposed special road district; that said proposed special road district does not exceed eight miles square in area and that there is located therein a city having and containing a population exceeding five thousand inhabitants; it is therefore ordered by said court that article ten (10) aforesaid of said chapter one hundred and fifty-one of said statutes be submitted to said voters of said proposed special road district at a special election to be held for that purpose on Saturday the third day of March, A. D. 1906, between the hours fixed by law for holding general elections at the several regular voting precincts in said proposed special road district, at which said election, tickets shall be used having printed thereon the following, to-wit:

"For adoption of the road law' and 'against the adoption of the road law,' with the direction 'erase the clause you do not favor,' and if the majority of the votes cast at said election for and against the adoption of the aforesaid article be for its adoption, said court will declare the result of the vote thereon by an order of record declaring aforesaid article ten to be the law of said

proposed special road district, and it was further or-
dered that this notice be published in the Louisiana
Press-Journal, a newspaper published in said county
of Pike, for two consecutive weeks, the last insertion
thereof to be within five days before said day of election."

The petition for the alternative writ of mandamus
next alleges that thereafter a special election was held
March 3, 1906, as in said order of the county court di-
rected, in the territory to be included in the proposed
road district described in the petition, and in the order
of said court, and at said election a large majority of
those entitled to vote, voted to establish said road dis-
trict, and said vote was duly certified by the judges and
clerks of the election to the clerk of the county court
of Pike county; that said county court has ever since
refused to canvass and declare the result of it and make
the order the law requires to be made; that on July 16,
1906, during the adjourned session of the regular May
term of said county court, Ball & Sparrow, representing
relators, filed a certain motion in the county court ask-
ing the court then and there to make an order declaring
the result of the election, and to fix the day when article
10 and section 9631 of said article should take effect,
reciting in said motion that the county court had at-
tempted to declare the result of the election on March
5, 1906, but the county court was not in session on said
date. It is alleged the county court considered said mo-
tion and overruled the same, making an entry that the
motion having been duly submitted and heard, was by
a majority of the court overruled and refused. Such,
in substance, are the allegations in the petition for the
alternative writ, which concludes with the averment we
first recited regarding the interest of relators as taxpay-
ing citizens of the district and with a prayer for the writ
of mandamus. After finishing the recital of the petition
for the alternative writ of mandamus, said writ itself
concludes in the manner already stated, by directing the

judges of the county court to canvass, cast up and declare the result of the election or show cause to the circuit court to the contrary. One of the defendants made a return to the alternative writ by saying he, as judge of the county court, had always been willing to make the order, and so voted when the order was presented to the county court; and that he is still ready and willing to make it. The other two members of the court demurred to the alternative writ, setting out three grounds of demurrer; that the relators had not the legal capacity to sue or prosecute this action; a defect of parties plaintiff, and that neither the petition, nor the alternative writ of mandamus, states facts sufficient to constitute a cause of action.

GOODE, J. (after stating the facts).—It must of course appear from the alternative writ the relators are interested in the subject-matter of the proceeding; but this fact is sufficiently shown by the averments that relators are qualified voters, taxpayers and citizens of the proposed road district and interested in the establishment of it. [State ex rel. v. St. Louis School Board, 131 Mo. 505.] We find no defect of parties plaintiff and know not why that ground was inserted in the demurrer. Neither of the two reasons mentioned is insisted on in this court, as sufficient to sustain the demurrer; but counsel for defendants have devoted their briefs and arguments to demonstrating the inadequacy of the facts stated in the petition to constitute a cause of action. The defects pointed out as fatal are the lack of averments that notice of the special election was published or given as required by law, and three judges appointed for each precinct. The statutes provide for the organization of a special road district in any territory not exceeding eight miles square, wherein is located a city containing five hundred and less than one hundred thousand inhabitants, by complying with certain provisions. [R.

S. 1899, art. 10, chap. 151.] Such districts may be organized and the statutes pertaining to them put into effect in a given territory, by the adoption of the article at a special election by a majority of the qualified voters voting on the question. This election must be called by the county court pursuant to a petition signed by fifty qualified voters who are residents and taxpayers of the proposed district; and when such a petition is presented it becomes the duty of the county court to submit to the voters at the next general election, or a special election held for the purpose at such time as the court may order, the question of adopting the article. The county court must give notice of such election by publication in some paper in the county for two weeks or more, the last insertion to be within five days before the election; and such other notice may be given as the court may think proper. Regulations are prescribed regarding the form of the ballot and declaring the result of the election and then comes a clause providing that if a county court orders a special election for the purpose of adopting the article, it shall appoint three judges for each precinct in the proposed road district, one of whom shall be the clerk of the election, and the judges shall take the oath required of judges under the general election law. [R. S. 1899, sec. 9631.] Neither the petition for the writ of mandamus, nor the writ itself, contains any allegation of the appointment of the judges; but we do not hold this omission fatal, because statutory provisions regarding the mode of conducting an election are generally held to be directory, and failure to comply with them an irregularity which does not usually invalidate the election unless the statute says it shall. [15 Cyc. 372.] But it is otherwise with a statute requiring notice of a special election to be given. Such a requirement is mandatory and if it is not observed the election is void. [State v. Kaufman, 45 Mo. App. 656; State v. Tucker, 32 Mo. App. 602.] We must determine then whether the want of an

averment in the alternative writ regarding the giving of the statutory notice, prevented the writ from stating a cause of action, or whether failure to give notice of the election in the manner prescribed, was matter of defense to be set forth by defendants in their return in justification of their conduct in refusing to canvass and cast up the vote and declare the result of the election. If the proper notice was given and the other requisite steps taken, canvassing the vote and declaring the result would be ministerial duties, which the county court might be compelled by mandamus to perform. [State ex rel. Ford v. Trill, 72 Mo. 365; State ex rel. v. Berg, 76 Mo. 137; Barnes v. Gottschalk, 3 Mo. App. 111.] If notice was not given, this would be a good reason for the refusal of the county court to enter of record the statutory order declaring article 10 of chapter 151 of the statutes to be the law in that special road district, from and after a day named in the order. [R. S. 1899, sec. 9631.] After considerable time spent in examining the point of pleading before us, we remain in doubt about the correct decision of it, but incline to the opinion that as notice was absolutely essential to a valid election, the alternative writ should have alleged notice was given. This is not a case in which the county court has declared the result of a special election and thereby raised the presumption, in the absence of an affirmative showing in the record to the contrary, that the steps essential to a valid election were taken. Hence State v. Searcy, 39 Mo. App. 393, s. c., 46 Mo. App. 421, 111 Mo. 236, and other cases which might be cited, are not in point. In the present instance the county court refused, according to the allegations of the writ, to canvass and cast up the vote, or make an order of record that the article of the statutes providing for a special road district, is in force in the described territory; and if a presumption is to be indulged in the premises, it is that the county court has good ground for its refusal. To put it in the wrong aver-

ments of all the steps essential to holding a valid election ought to be made; for only after such an election has been held, does it become the imperative duty of the court to declare the article is in force in the given territory and the special road district established. The earlier strictness of pleading required in mandamus proceedings has been relaxed in some measure and the rules which govern pleadings in ordinary actions applied. [High, Ex. Rem. (3 Ed.), secs. 448, 449.] But all courts and text-writers still declare the alternative writ must clearly show the relator is entitled to some right the respondent had denied him, and show, too, a clear duty incumbent on the respondent to perform the act which the relator asks he be compelled to perform. A general allegation that the relator has in law a certain right, or that the respondent is bound to perform a certain act, is insufficient, as involving a legal conclusion on the part of the pleader. The specific facts which confer the right on the relator and impose the duty on the respondent, must be stated. Such is the rule of pleading expressed in general terms. [Merrill, Mandamus, sec. 255; High, Ex. Rem. (3 Ed.), sec. 450; 2 Spelling, Inj. & Ex. Rem. (2 Ed.), sec. 1567; 13 Enc. Pl. & Pr. 680, et seq.; 26 Cyc. 435, et seq.] As will be seen by looking into these authorities, the facts on which the right of the relator and the correlative duty of the respondent rest, must be alleged so distinctly as to enable them to be traversed and an issue raised on every essential fact. [State ex rel. v. Governor, 39 Mo. 388; State ex rel. v. Everett, 52 Mo. 89; Hamilton v. Town of Dexter, 89 Mo. 188.] One might not feel sure the rule we have stated in general terms would require of the present relators the necessity of alleging notice of the election was given, instead of leaving an omission to give the notice to be pleaded in the return as a defense. It might be argued that the recital in the writ of the order by the county court for publication of the election

notice in a designated paper, sufficed as an allegation that due notice was given.  It is to be noted at this point, that the statute with which we are dealing requires the county court to do more than order publication of the notice.  It says the court shall give notice of the election by publishing it in the prescribed manner, thereby directing the court to publish the notice or have it published, instead of merely ordering this to be done.  Neither the alternative writ in the present case, nor the petition for said writ, alleges in terms or by necessary implication, that notice was published.  Both the petition for the writ and the writ itself come no nearer to averring notice was given, than to recite an entry of an order made by the county court regarding the election, in which was contained these words:  "And it is further ordered that this notice be published in the Louisiana Press-Journal, a newspaper published in said county of Pike, for two consecutive weeks, the last insertion thereof to be within five days next before said day of election."  Manifestly this recital falls far short of alleging notice was given; and there is not even an averment that the election was duly or legally called and held pursuant to the county court's order.  If we were presuming about the matter, in order to help the pleading, we would have to presume the court's order was transmitted to the publishers of the paper and presume, too, the latter published the notice in conformity to the order.  But this would be piling presumptions on each other.  The essential question is whether it is incumbent on relators to allege the giving of notice, or on defendants, if they refused to declare the result of the election because proper notice was not given, to say so in their return.  We find decisions by respectable courts, including those of our own State, which indicate that the proper application of the aforesaid general rule of pleading in a mandamus proceeding, puts on the relators the burden of making this averment and proving it.  In State ex rel.

Gassalo v. Hudson, 13 Mo. App. 61, the relator sought by mandamus to compel the respondent, the city of St. Louis, to issue a dramshop license to relator. The writ averred generally compliance by relator with all the provisions of the statutes and the ordinances of the city of St. Louis relating to dramshops. It was held this averment was too general in terms, and was bad in failing to state the facts which would entitle relator to the relief sought and in stating in lieu of the facts, conclusions of law. Looking to other averments of the writ, the court said relator's petition was signed by a majority of the bona fide householders in the block as required by the revised ordinances of the city, and might be treated as a compliance with those ordinances; but as a statute of the State prohibited the granting of a license to keep a dramshop in any city block or square, etc., unless the majority of the taxpaying citizens should sign a petition asking for the license, it was essential for the relator to show compliance with this statute, to-wit; the signing of his petition by a majority of the taxpayers. It could as well have been held in said case, to be incumbent on the collector to set up in his return, as a reason for refusing the license, that no petition properly signed by a majority of the taxpayers had been presented, as to hold in the present case; the burden was on defendants to plead their own failure to give notice of the election. What the decision just cited affirmed was that the petition for license was fatally defective because it failed to aver a majority of the taxpayers had signed the relator's petition for a license. In Curry v. Cabliss, 37 Mo. 330, the action was for damages against the defendants as judges of election for refusing to accept the plaintiff's ballot. The petition alleged that plaintiff being in all respects a legal voter of the county and entitled to vote at the election, and having complied with the law, appeared at the precinct and presented his ballot, but the judges rejected it. A de-

murrer was sustained to the petition; and it was held
bad on appeal. What the plaintiff alleged about being
a qualified voter was held to be a recital of a conclusion
of law, and that he should have alleged he possessed all
the statutory qualifications of a voter; such as that he
was a free white citizen, twenty-one years of age, had
resided in the county and district for the last three
months, etc. This case was not a proceeding for manda-
mus, but the ruling on what averments are essential to
the statement of a cause of action, is in point by analogy.
In State ex rel. Sammon v. Sec'y State, 11 Wyo. 1, the
writ was asked against the Secretary of State to compel
him to file in his office, a certificate nominating the re-
lator as candidate for the office of district judge. The
statutes required nominating certificates to be filed not
less than forty days before the election. As the petition
did not allege the date when the certificate was pre-
sented to the Secretary of State for filing, it was held to
be defective. In McGann v. People, 194 Ill. 526, manda-
mus was asked against the Commissioner of Public
Works of the city of Chicago, to compel him to issue and
deliver to relator a written permit, authorizing the re-
lator to lay and construct a switch track in accordance
with the terms of an ordinance enacted by the city of
Chicago. This ordinance had granted to Coffeen, the
relator, permission to lay a private switch, but before
the work could be commenced, a certificate from the Com-
missioner of Public Works was essential. A statute of
Illinois prohibited city councils from enacting an ordi-
nance granting a right to lay railroad tracks in any street
of a city, except on the petition of the owners of one-half
the frontage of the abutting property. The question for
decision in the case was whether the petition for manda-
mus was good, it having alleged the enactment of the or-
dinance but not the signing of the preliminary petition
by the property owners. For the relator it was contend-
ed this was matter of defense; but the court held that as

the common council had no power to grant permission to lay the switch without a petition signed by the property owners an allegation of the fact was essential. The opinion said it was as necessary to aver in the petition for mandamus, this condition precedent to the right of the council to pass the ordinance, as it was to aver the ordinance was passed. In Sieber v. McCaffery, 108 Mo. App. 49, 82 S. W. 1104, this court held a petition for a writ of mandamus to compel election commissioners to print relator's name on the official ballot as a party nominee, was insufficient, in that it alleged a call by the party central committee for primaries to select delegates to the city and district conventions, but failed to allege the publication of notice for the election in the manner prescribed by the statutes. The statute immediately involved in the decision was section 12 of an Act approved March 13, 1901. This act provided that whenever the general committee representing a political party in a city to which the act applied, should officially call a primary election at which the electors belonging to the party in the city and districts, should select delegates to a nominating convention, the election commissioners of the city should forthwith prepare a notice of the primary election and publish it at least three days prior to the election. The petition for mandamus averred the calling by the central committee of the primary, but did not aver the board of election commissioners, who were officially charged with the duty, had published notice of the primaries. If we may venture to deduce a rule from the foregoing decisions, it is that in a mandamus proceeding, when the right demanded by the relator must arise out of some act of the respondent as a public official, done under special authority, and certain steps are prescribed as essential to the exercise of the authority, these steps must be alleged in the petition for mandamus, or in the alternative writ, as the case may be. Whether we rely on the general rule

of pleading or apposite precedents, it is reasonably clear the petition in this case is inadequate. No valid election occurred to establish a special road district unless notice of it was given by the county court; and the alternative writ makes no averment on the subject, but merely recites an order of the county court for the publishing of the notice.

The judgment will be affirmed without prejudice to the right of relators to institute another action. All concur.