————o————

STATE *ex rel.*, EDWIN G. HAMILTON, Respondent, *vs.* ANDERSON B. EVERETT, *et al.*, Appellant.

1. *Practice, civil, Pleading—Mandamus, alternative writ of—Petition—Statement of case.*—In a petition for, and in the alternative writ of mandamus, the relator should so set forth the facts upon which he relies for the relief sought that the defendant may be able to take issue on them.

*Appeal from Clay Circuit Court.*

*D. C. Allen & Samuel Hardwick*, for Appellants, cited: Stephens on Pleading, p. 132, Ed. 1841, and rules in regard to Certainty; Chitty Pl. p. 233, Ed. 1859; Story's Equity Pleading, sec. 23; 7 Cowen, 51; 17 Mass., p. 237; 16 Mo., 168; 4 T. R., 490; 1 Greenleaf, § 528.

In consequence of the absence of dates, names, numbers and description of the fee-bills alluded to in the petition and writ,-a return to the writ is an *impossibility*. Thomas' Coke, 1st vol., p. 9.

*John G. Woods*, for Respondent.

There is no such pleading under the present practice as a demurrer to the petition or to the alternative writ of mandamus, but the issues are to be made up on the return to the alternative writ. (The State *ex rel.*, Adamson vs. Lafayette Co. Ct., 41 Mo., 545; Smith vs. St. Francois Co. Ct., 19 Mo., 433; Tap. on Mandamus, 337, Ensworth vs. Albin, *et al.*, 46 Mo., 450; Moses on Mand., 205 and 209.)

The petition in this case is a copy of that in Hopkins vs. Buchanan Co. Ct., 41 Mo., 254.

VORIES, Judge, delivered the opinion of the court.

This was a petition for a mandamus filed by the said Edward G. Hamilton the relator in the name of the State against the respondents.

The petition states that the relator is the clerk of the Circuit Court of Clay County and was such clerk at the time of the rendition of the services in the petition named and set forth in the fee-bill filed ; and that O. T. Moss was then the sheriff of said County and John G. Woods was the Circuit Attorney. That at the September term of said Circuit Court A. D. 1871 a large number of indictments were returned by the grand jury to said Court against Charles J. J. Leopold, Theodore Leopold and various other persons or parties for selling liquors without license. That said indictments were each indorsed a true bill and signed by the foreman. That process was ordered and issued thereon and served by the Sheriff. That at the January term 1872 of said court, Charles J. Leopold and Theodore Leopold appeared and plead guilty to the offense charged in the indictments. That said pleas were entered in one case against each of said parties and that the remainder of said cases were, with the permission of the Court, dismissed by said circuit attorney by agreement with defend-

ants, at their costs, and judgment was rendered accordingly; and that executions were issued thereon, but the same could not be collected. That the defendants were arrested and released by said court under the insolvent debtor's act. That *fee-bills* were thereupon made out and presented to the judge and circuit attorney and were by them duly examined and certified to the County Court of Clay County for payment in conformity to the Statute in such case made and provided. That all of the services charged in said fee-bills were rendered by the officers in discharge of their duties. That a copy of one of said fee-bills is herewith filed and asked to be made a part of the petition. That said County Court of Clay County refused and still refuses to allow said bills and order payment of the same or any part thereof. That Anderson Everett, Thomas M. Wilson and Thomas J. Gunn are the Justices of the said County Court.

The petition then prays for an alternate writ of mandamus against said Justices, returnable forthwith, requiring them to pay *said fee-bills* or show cause why a peremptory mandamus compelling them to do so should not be issued.

The record states that an alternative writ was issued and executed by the Sheriff on the 13th day of November, 1872, but no writ is set forth or copied in the record; but the case seems to be treated in this court by both parties as an ordinary case where a petition is filed by the plaintiff, and demurred to by the defendants. The writ should regularly be here. It is the alternative writ and not the petition that the defendants were required to answer or make returns to. (W. S., 924, § 1.) But as both parties seem to treat the petition and writ as one thing, the appellant setting forth the petition as it appears in records and making his objections to that, while the respondent sets forth what he calls, and what purports to be the writ, and relies on that. And inasmuch as the allegations in each are substantially the same, I will consider the case as though the writ was set forth in the record, and identical in its allegations with the petition. In fact the petition and writ in all of their material allegations should be the same.

On the same day that the writ is stated to have been issued the defendants appeared and demurred to the writ: the demurrer is entitled, "a motion to quash the writ." But it proceeds by stating that the defendants appeared and filed their demurrer to the petition and writ, &c.

Among other causes of demurrer by the defendants, are the following:

"There is a defect of parties plaintiff, in this, that it is at the relation of E. G. Hamilton, and relief is sought also for O. P. Moss and John G. Wood."

"Because it is not shown in the petition or writ that the fee bill filed with the same, is a fee bill in a case against Charles J. J. Leopold, wherein he was sentenced to imprisonment in the county jail and to pay a fine, or either of these modes of punishment, and is unable to pay them."

"Because it is not shown in the petition or writ how many fee bills there were presented to said County Court, for auditing and payment, and defendant cannot therefore make good issues upon the allegations in said writ; nor is it shown how many indictments were returned by the grand jury against said Leopold, and said other parties; nor is it shown who those other parties were."

"Because the allegations in the petition and writ are vague and uncertain, and convey no sufficient or definite information to these defendants."

"Because fee bills in all of the cases alleged to have been presented for audit and payment to said County Court, were not filed with the petition, nor sufficiently identified with petition or writ to enable this court to ascertain the same with certainty."

There are other causes of demurrer stated which bring in question the legality of the fees charged, &c., but it is not necessary to notice these questions in this case, as the most of these questions are brought more directly in issue in a case from Ray County, which will be decided at this term of the court.

The fee bill filed as an exhibit with the petition, which should have been copied with the petition, is as follows:

State of Missouri vs. C. J. J. Leopold, selling liquor without license.

Fees E. J. Hamilton, clerk.

| | |
|---|---:|
| To indictment, 50, filing, 05, capias, $1, | $1 55 |
| 2 spa's. and filing, 60, order, 15, judgment 50, | 1 25 |
| 2 executions, | 2 00 |
| Bill of cost, 75, copy, 50, | 1 25 |

Fees O. P. Moss, Sheriff.

| | |
|---|---:|
| To executing capias, $1, bond, 50, | 1 50 |
| Serving 2 Spa's. $1, *non est* on one, &c., 50, | 1 50 |
| Executing one execution, | 1 00 |
| Commitment, | 1 00 |
| Fees of J. G. Wood, Cir. Atty., | 5 00 |

$16 50

The demurrer was heard by the court and overruled; the defendants failing to further answer, the court rendered judgment against them as follows:

" It is therefore ordered by the court that a peremptory writ of *mandamus* issue against the defendants aforesaid *as prayed for in said petition*, and that plaintiff recover of defendants all costs in this behalf expended."

To the opinion of the court in overruling the demurrer, and in giving final judgment against defendants they excepted.

Motions for a new trial, and in arrest of judgments were also filed and overruled, and the defendants excepted.

It will only be necessary to examine a few questions in this case; the question as to the legality of the fees set forth in the fee bill filed with the petition I have already stated will not be examined.

The case is not presented in a very regular form. I think that the regular course to pursue, when the alternate writ and petition is defective, would be to make a motion to quash the writ. But in the case of State, *ex rel.* Adamson vs. Lafayette County Court, (41 Mo., 545,) a demurrer was filed to the petition and writ, and was passed on by the court without ob-

jection, and as the same end is reached in either case, I suppose it makes but little difference by what name the paper filed is called; the object being in either case to object to the sufficiency of the petition and writ, and the parties so treated the demurrer in this case, and it is therefore too late to object to the mode of objection to the petition and writ in this court. (Ensworth vs. Albin, *et al.*, 46 Mo., 450.)

The appellants object to the petition and writ, because they say that there is a defect of parties plaintiff. That relief is sought as well for Moss and Wood, as for the relator. I do not think that this objection is well taken; there is no defect of parties plaintiff; if there is any objection to the petition on this ground, it would only go to that part of the costs due to Moss and Wood, the allegations as to them would be stricken out as surplusage, and then the petition would be proper in that respect. It could only amount to the statement of irrelevant matter in the petition, if it could be called an objection at all.

The other objections made to this petition and writ have more force. In the alternative *mandamus* and the petition the relator should set forth the facts upon which he relies for the relief sought. The defendants should have the facts before them, so that they could either admit or deny them, or take other issues on the facts stated constituting the plaintiff's right to the relief required.

If the petition and writ are defective in these particulars, the usual course is to move to quash, but this case as before stated, has been treated by the parties in the light of an objection to the sufficiency of the petition and writ, no objection having been made in the court below, as to the form of the objection. (Commercial Bank of Albany vs. Canal Commissioners &c., 10 Wend., 25 ; People *ex rel.*, Lorillard vs. Supervisors, &c., 15 Barb. N. Y., 607.) The petition and writ in this case state that a *large number* of indictments were returned against Charles J. Leopold and Theodore Leopold, and *various other parties*, for selling liquors without license, &c. That writs were issued on them, &c., and that judgment

had been rendered against them for costs, and that cost bills had been made out and allowed by the judge of the court and circuit attorney, where the indictments were pending, and that defendants refused to audit and pay the bills. He files one bill of cost with his petition for sixteen dollars, which it will be seen from the above authorities, could not be taken as part of the writ.

How was it possible for the defendants to make proper and intelligent issues on these allegations, how could it be denied that various indictments had been pending, &c.? It seems to me that no intelligent issues could be made on such pleadings, and that when the demurrer was overruled, the court could render no intelligent judgment on the petition. The judgment rendered by the court is just as general and indefinite as the petition and writ, the peremptory *mandamus* in this case was ordered *as prayed for in* the petition. Now how will the defendants obey this writ? They are required to audit and pay a large number of cost bills against the Leopolds, and against various other persons. Even if the cost bill filed is to be taken as part of the petition, then the only judgment that could have been intelligently rendered, would have been a peremptory mandamus requiring the defendants to pay the amount of that particular bill.

The relator in this case however, claims that the demurrer admits the facts stated in the petition. That is true, it admits all facts well pleaded, but when a pleading is so uncertain that no intelligent judgment can be rendered on it, when admitted, the admission amounts to nothing. The relator further claims in this case that the petition is identical with the one in the case of "The State, *ex rel.* Hopkins vs. The Justices of the Buchanan County Court, 41 Mo., 254." By an examination of that case it will be found that the petition only claimed costs for services rendered by himself in one case, and particularly described the case, and the fee bill that the justices of the County Court refused to audit and pay. No question was made; as to the sufficiency of the petition or writ but the case was submitted on an agreed state of facts; no alterna-

tive writ was ever in fact issued. There is nothing in that which can be of any authority in this, because there is but little analogy between the cases. The judgment in that case, was for a single bill of costs which was described in the petition.

The petition and writ in this case are too uncertain, as well as the judgment rendered by the court. The judgment being rendered, and the peremptory mandamus issued requiring the defendants to pay bills which are wholly undefined either by the number of fee bills required to be paid, or by any other description, I think the same ought to be reversed.

The other Judges concurring, the judgment of the Circuit Court is reversed, and the cause remanded.