THE STATE ex rel. CHARLES STUEVE v. GEORGE D. REYNOLDS et al., Judges of St. Louis Court of Appeals.

### Division Two, July 17, 1915.*

1. **MANDAMUS: No Plea to Return.** Unless relator pleads to respondent's return to an alternative writ of mandamus, either by motion for judgment on the pleadings, demurrer, answer, or such other proper plea as will join an issue for determination, especially where the return sets up material facts in conflict with the allegations in the writ, the alternative writ will be discharged and the proceedings dismissed. The statute (Sec. 2547, R. S. 1909) requires relator to "plead to or traverse all or any material facts contained in such return," and unless there is some appropriate plea no issue is joined or is raised for determination; and such has been the law since the revision of the statutes in 1845 (R. S. 1845, Ch. 112), and by them the common-law practice of bringing proceedings by mandamus to an issue was superseded.

2. ———: ———: **Neglect to Plead.** Where the cause has been pending in the Supreme Court after respondent's return a sufficient length of time to have enabled relator to plead to said return, and he has not filed any pleading to bring the cause to an issue or attempted to obtain further time in which to plead, the alternative writ will be discharged.

## Mandamus.

ALTERNATIVE WRIT DISCHARGED AND PROCEEDING DISMISSED.

*H. W. Johnson, A. H. Drunert* and *W. C. Hughes* for relator.

*Emil Roehrig* and *T. W. Hukriede* for respondents.

---

*Note.—Decided May 25, 1915. Motion for rehearing overruled July 6, 1915. Motion to transfer to Court in Banc overruled July 17, 1915.

WILLIAMS, C.—This is an original proceeding by mandamus to compel the judges of the St. Louis Court of Appeals to set aside its order dismissing the appeal in the cause entitled "State of Missouri, Respondent, v. Charles Stueve, Appellant," and to require them to reinstate the cause on its docket and to proceed to hear and determine the same.

On account of the conclusions which we have reached in this case, it does not become necessary to set forth the allegations of the pleadings in detail, but a general summary of the facts alleged will be sufficient for the purposes of the question discussed in the opinion.

In his original petition for the alternative writ, which was afterward incorporated into and made a part of the alternative writ, relator states that at the April term, 1911, of the Warren Circuit Court, he was tried and convicted of a misdemeanor, to-wit, of obstructing a public road; that in due time motions for new trial and in arrest of judgment were filed and overruled, and an appeal was duly granted to the St. Louis Court of Appeals. The appellant was given time to file his bill of exceptions, which time for filing bill of exceptions was from time to time extended, the last extension being to May 1, 1914. That on February 13, 1914, the respondent's attorney in said cause filed in the St. Louis Court of Appeals an abstract of the judgment of conviction in said cause, together with a motion to dismiss defendant's appeal therein, "for want of prosecution or for delay on the part of defendant in preparing and filing his bill of exceptions" and perfecting his appeal, which motion to dismiss was, by said Court of Appeals, sustained; that he thereupon filed a motion for a rehearing and made a showing to said court that the delay in perfecting the appeal was through no lack of diligence upon his part; that said motion for a rehearing was overruled.

The petition states further facts which, if true, would show that the delay in perfecting the appeal was not due to any negligence or want of diligence upon the part of relator, but was caused by the official stenographer of said circuit court in misplacing or losing his shorthand notes of a part of the testimony; that finally the transcript was completed and on March 20, 1914, the bill of exceptions in said cause was completed, properly approved and signed, and, on April 16, 1914, said bill of exceptions was duly filed with the clerk of said circuit court and by him duly entered upon the records of said court, and that relator (appellant in said cause) is now ready to file in said Court of Appeals a full and complete transcript in said cause as required by law. That the action of said Court of Appeals in dismissing said appeal is without warrant or authority of law, and leaves the relator without remedy or redress.

The alterantive writ was issued and served upon respondents. Later respondents filed a motion to quash the alternative writ, but it appears that nothing further was done with the motion to quash, and it must be considered as an abandoned pleading, since the respondents on the return day filed their return to the alternative writ. The return sets forth in substance the steps leading up to the dismissal by the Court of Appeals of the appeal in the misdemeanor case, and also the overruling of a motion for a rehearing, and states that, upon the hearing, both parties filed affidavits concerning the cause of the delay in perfecting the appeal, and that after due hearing and consideration of the facts therein presented the Court of Appeals dismissed the appeal. Further facts are set forth in the writ which, if true, would show that the appellant in the misdemeanor case (relator here) did not use diligence in perfecting his appeal, but that the delay was largely due to his own negligence or inactivity in the matter in failing to order from the offi-

cial stenographer, within a reasonable time after the
case was determined in the trial court, a transcript
of the evidence.

It thus appears that the facts alleged in the return
are in direct conflict with those stated in the alter-
native writ with reference to the diligence exercised
by. the relator in perfecting his appeal in the misde-
meanor case. The relator has not pleaded to or
traversed the return.

The alternative writ of mandamus in the case was
issued May 13, 1914. On July 6, 1914, respondents
filed their return. The case was originally docketed
for the October, 1914, term of this court. At that term
the case was continued upon stipulation
**Mandamus:** of the parties to the January call. The
**No Plea to**
**Return.** case was then docketed on the January,
1915, call and was, on the day set, sub-
mitted upon the briefs of the respective parties with-
out oral argument. Upon examining the pleadings in
the case, we have reached the conclusion that there is
nothing before us for determination, for the reason
that no issue has been joined by the pleadings. Arti-
cle 9 of Chapter 22, Revised Statutes 1909, prescribes
the method of making up the issues in mandamus suits.
By section 2547 of said article it is provided: ''When
any writ of mandamus shall be issued, and return shall
be made thereto, the person suing out or prosecuting
such writ *shall* plead to or traverse all .or any of the
material facts contained in such return.'' The case
stands here upon the alternative writ and the return.

Relator should have pleaded to the return by mo-
tion for judgment upon the pleadings, demurrer, an-
swer, or such other proper plea as would have joined,
or carried forward for joining, an issue for determina-
tion. The rule at common law was different. ''At
common law, and prior to the Statute of Anne, no
pleadings were allowed in mandamus beyond the re-
turn, and the court proceeded to summarily hear and

dispose of the application upon the alternative writ and the return, the latter being taken as conclusive. The return not being traversible, the only remedy of the relator, in case it proved false, was by an action on the case for a false return. This remedy, however, he was not at liberty to adopt until judgment had upon the sufficiency of the return." [High, Extraordinary Remedies (3 Ed.), sec. 457.] The sufficiency of the return was brought up for determination by relator moving for a *concilium*. [The King v. Mayor and Aldermen of London, 3 B. & Ad. 255, 1. c. 280.] *Concilium* in the sense here used is defined as an "argument in a cause, or the sitting of the court to hear argument." [Black's Law Dictionary.] "A motion for a *concilium*, or day for the argument of a cause, was formerly moved for upon reading the record in court, but now it is a motion of course. [2 Tidd's Practice, 737-739.]" [1 Burrill's Law Dictionary & Glossary, 337.]

But in order to provide that the proceedings upon writs of mandamus in certain specified cases might be made more speedy and effectual than was possible under the common-law procedure in that behalf Parliament in 1710 passed the Statute of Anne (9 Anne, chap. 20). That statute, authorizing a new procedure in mandamus cases relating to municipal corporations and certain officials, provided in part as follows:

"As often as in any of the cases aforesaid, any writ of mandamus shall issue out of any of the said courts, and a return shall be made thereunto, *it shall and may be lawful* to and for the person or persons suing or prosecuting such writ of mandamus, to plead to, or traverse all or any of the material facts contained within the said return; to which the person or persons making such return shall reply, take issue, or demur; and such further proceedings, and in such manner shall be had therein, for the determination thereof, as might have been had if the person or persons suing such writ had brought his or their action on the case for a

false return; and if any issue shall be joined on such proceedings, the person or persons suing such writ shall and may try the same in such place as an issue joined in such action on the case should or might have been tried; and in case a verdict shall be found for the person or persons suing such writ, or judgment given for him or them upon a demurrer, or by *nil dicit,* or for want of a replication or other pleading, he or they shall recover his or their damages and costs in such manner as he or they might have done in such action on the case as aforesaid; such costs and damages to be levied by *capias ad satisfaciendum, fieri facias,* or *elegit*; and a peremptory writ of mandamus shall be granted without delay, for him or them for whom judgment shall be given, as might have been, if such return had been adjudged insufficient; and in case judgment shall be given for the person or persons making such return to such writ, he or they shall recover his or their costs of suit to be levied in manner aforesaid.''

In 1825, the General Assembly of Missouri passed an act ''to regulate proceedings upon mandamus.'' [2 R. S. 1825, p. 522.] Said statute is almost an exact copy of the Statute of 9 Anne except that it extends to all proceedings by mandamus. The above Act of 1825 was for some unknown reason omitted from the revision of the statutes of 1835, but in 1836 the General Assembly again re-enacted the statute in practically the same form as the 1825 act. [See Laws 1836, p. 72.]

In 1845 the General Assembly made a general revision of the laws of this State and in so doing revised the statute on mandamus *into* its present form (See Chap. 112, R. S. 1845), which statute as then amended has been carried forward from one revision session to another and is now contained in article 9, chapter 22, Revised Statutes 1909. The change or amendment made in 1845 was slight in phraseology but

266Mo.2

it was a very important one. The acts of 1825 and
1836 had followed the Statute of Anne in that they pro-
vided that when a return was made *"it shall be law-
ful"* for the relator to plead to or traverse the return;
while the act of 1845 provided that when a return is
made the relator *"shall* plead to or traverse" the re-
turn. Under the Statute of Anne, it was optional with
the pleader (relator) as to whether he would plead to
or traverse the return, or fail to plead further and fall
back upon his action if any, upon a false return. [The
King v. Mayor and Aldermen of London, supra, 1. c.
280.] But under the Act of 1845 it was made compul-
sory upon the relator to plead to or traverse the re-
turn. An interesting historical side light, showing the
probable source of the amendment made in 1845 is con-
tained in the following excerpt taken from the "Pre-
face" to the Revised Statutes of Missouri 1845, pre-
pared by William Claude Jones, then Commissioner
for the Publication of the Revised Laws:

"At the session of the Legislature of 1842-3 an
act was passed appointing Hon. William Scott, Hon.
William B. Napton and Henry S. Geyer, Esq., as re-
visors of the laws, with powers to revise and digest
the whole body of the general laws of the State, and
report the same to the next session of the General As-
sembly. Mr. Geyer declined the office, and the Hon.
James W. Morrow was appointed in his place. When
the Legislature met in 1844, the revisors reported their
revision, apparently prepared with much ability and
care. The laws, as reported by them, were referred to
a joint committee on revision, and were reported back
with but few changes." [R. S. 1845, p. vii.]

So it would appear that the Missouri statute as
amended or revised by the Act of 1845 (the amend-
ment being made, no doubt, upon the suggestion of the
above named distinguished jurists and legal scholars)
entirely superseded the common law practice with ref-

erence to the procedure in bringing proceedings by mandamus to an issue.

It therefore follows that no issue has been joined by the pleadings in the present case and that there is nothing before us for determination. And since the matter was pending in this court, prior to submission, a sufficient length of time to have enabled the parties, if they had so desired, to bring the cause to an issue, but no further attempt so to do having been made nor further time in that behalf requested, it follows that the alternative writ heretofore issued in the cause should be discharged and the proceeding dismissed. It is so ordered.

*Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion by WIL-LIAMS, C., is adopted as the opinion of the court. All the judges concur.