GEORGE W. P. SILVESTER, RELATOR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF PRINCETON, RESPONDENTS.

Submitted June 2, 1927—Decided December 9, 1927.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relator, *Hervey Studdiford Moore.*

For the respondents, *William C. Vandewater.*

The opinion of the court was delivered by

TRENCHARD, J. This matter is brought before the court on a rule to show cause why a writ of *mandamus* should not issue commanding the mayor and council of the borough of Princeton to issue a permit to George W. P. Silvester to transfer two gasoline pumps and tanks from the extension of Bayard lane to the front of a property known as No. 9 Mercer street, Princeton, New Jersey.

The situation is as follows: Silvester is a tenant of No. 9 Mercer street. He occupies a store on the first floor, where he conducts a tire shop, repair shop and gasoline and oil station. Several years ago a roadway ran along the side of this property, which roadway was not a public street. Silvester's predecessor in business had erected two gasoline pumps on the curb of this roadway on property now belonging to the borough of Princeton, but at that time belonging to the State of New Jersey. No permit had ever been issued for these pumps, but they were allowed to remain with the tacit approval of the municipality. Later, the property, including the roadway, was acquired from the State of New Jersey by the borough of Princeton, the property was turned into a park, a World War memorial was erected upon a part of it, and, early in 1927, the roadway was closed. At or about that time Silvester applied for a license to allow him to establish two pumps on the sidewalk near the curb on the Mercer street front of the property. The parties agree that Mercer street is one of the main public highways of Princeton and is a part of the shortest route between Princeton and Trenton. This application was denied by the municipality apparently on the ground that changed local and traffic conditions render such pumps detrimental to the public weal. Thereafter, Silvester obtained this rule to show cause why a writ of *mandamus* should not issue.

We think that the relator is not entitled to the writ.

The allowance of a peremptory writ of *mandamus* rests in judicial discretion, and it is awarded only in cases when the act to be done is ministerial and the duty clear. *State* v. *Mayor of Newark*, 35 *N. J. L.* 396; *Hugg* v. *Ivins*, 59 *Id.* 139; *Gleistman* v. *West New York*, 74 *Id.* 74; *Constam* v. *Darby*, 95 *Id.* 318.

Here, as we shall show, the act which the relator seeks to have done is not ministerial, but is discretionary.

At the outset it is to be observed that, whilst the relator in his moving papers speaks of his application as one for a transfer, it is in fact an original application for a permit to install two gasoline pumps and tanks on the sidewalk of a public street where none had been before.

It is also important to observe that the permit requested is not for the erection of pumps on private property, but for the erection of such pumps on the sidewalk of a public street near the curb. This differentiates this case from those relating to building permits and from matters relating to zoning.

Now, it is agreed that, on February 1st, 1921, "the mayor and council of the borough of Princeton" adopted an ordinance which enacted "that it shall not be lawful for any person or persons to keep or maintain any gasoline stands, pump or other contrivance to furnish gasoline to the public on the curbstone or sidewalk adjacent to any garage, store or other place of business in the borough of Princeton, without first having obtained a license" therefor from the authorities of the borough upon "an application in writing" for that purpose, which license, "when granted," shall be good until the first regular meeting in January following.

The relator does not challenge the power of the borough to enact such ordinance. For the purpose of this case we therefore assume, without deciding, that it had such power, as suggested by the borough, by virtue of its charter and the statutes. See *Pamph. L.* 1873, *p.* 567, § 27; *Pamph. L.* 1897, *p.* 285, § 28; *Pamph. L.* 1917, *p.* 319, *art.* 22, ¶¶ (a) and (c); *Pamph. L.* 1918, *p.* 958, *art.* 15 (e).

But the mere legislative grant of such power does not imply that it must be exercised. *North Adams* v. *Wertz*, 218 *Mich.*

507. An abutting owner is not entitled, as a matter of right, to a permit to erect a gasoline pump and tank in a public street. Such a permit, "when granted," involves an encroachment upon the public street, and is in derogation of the common right of the public to use the street. If it be assumed that the power to grant such a permit has been conferred upon the municipal authorities, it clearly is a delegated power which should be exercised with care as to when and where such permits are granted. By its very nature it implies discretion in the granting authority, for certainly it cannot be that the grant of a permit to obstruct permanently a public highway is a purely ministerial function.

Since the action of the municipal authorities upon such an application is discretionary, and not ministerial, then when, as here, the application was denied, *mandamus* will not lie to compel the authorities to grant it, in the absence of fraud or abuse of discretion (*State* v. *Essex County*, 23 *N. J. L.* 214; *Conger* v. *Middlesex County*, 55 *Id.* 112; *Uszkay* v. *Dill*, 92 *Id.* 327), the presumption being that such refusal was based upon proper motives and valid reasons. *Buffalo* v. *Hill*, 79 *N. Y. App. Div.* 402.

The writ must be denied, and, accordingly, the rule to show cause will be discharged.