STATE of Missouri ex rel. KOPPER
KETTLE RESTAURANTS, INC.,
Relator-Appellant,

v.

CITY OF ST. ROBERT, Missouri, a munici-
pal corporation et al., Respondents.

No. 8687.

Springfield Court of Appeals.

Missouri.

Jan. 17, 1968.

Claude T. Wood, Richland, Scott R. Traylor, Springfield, for relator-appellant.

J. W. Grossenheider, Lebanon, for respondents.

STONE, Judge.

In this proceeding instituted in the Circuit Court of Pulaski County, relator Kopper Kettle Restaurants, Inc., sought a writ of mandamus to compel respondents, City of St. Robert, Missouri, its mayor, members of the board of aldermen, and city clerk, to issue a city license to relator, "upon payment of the proper fee," for sale of liquor by the drink. Relator's petition was filed on July 7, 1966; and, on the same date, an alternative writ issued. In due time, respondents filed their motion to quash the alternative writ and on the same date their return thereto. On November 28, 1966, the court entered an order sustaining respondents' motion, quashing the alternative writ, and dismissing relator's petition therefor. Following an unsuccessful "motion for new hearing or in the alternative to set aside judgment," relator appeals.

The principal points in *relator's* brief are (1) that *"the petition for a writ of mandamus and the alternative writ of mandamus* contain facts sufficient to warrant mandamus, and by reason thereof the trial court erred in sustaining the motion to quash . . ." and (2) that "Ordinance No. 61 of the City of St. Robert makes it mandatory for the Board of Aldermen to issue a license for the sale of liquor by the drink when all prerequisites have been complied with; and since *the petition for the writ of mandamus* alleged compliance with

all prerequisites, the trial court erred in sustaining the motion to quash." (All emphasis herein is ours.) In *respondents'* answering brief, the initial point is that "the trial court did not err in sustaining respondents' motion to quash . . . because *the writ* does not allege in issuable form the facts necessary to show relator is entitled to the relief it seeks and *the writ* fails to state facts which if true would authorize its issuance and to which respondents can properly plead." Hence the first issue, to which we now attend, is whether the propriety of the trial court's sustention of respondents' motion to quash the alternative writ should be determined upon the averments of that writ, standing alone and unaided, or upon the averments in both the writ and the petition therefor.

■ As counsel for respondents points out, the alternative writ is the first or basic pleading,[1] occupying a position corresponding to that of the petition in an ordinary civil action,[2] with the return taking the place of and standing as the answer.[3] Indeed, it has always been true in this jurisdiction [State ex rel. Hamilton v. Everett, 52 Mo. 89, 91], and still is [Rule 94.01; § 529.010],[4] that it is the alternative writ, and not the petition for the writ, to which re-

spondents are required to make their return. All of this logically points to the conclusion that the alternative writ should, in its recitals, be self-sufficient and able to stand alone when attacked by motion to quash. And some of the earlier cases held that the alternative writ itself *must* state "in an issuable form" [State ex rel. Hambleton v. Bolche, 89 Mo. 188, 191, 1 S.W. 234, 235] facts which show relator's right to the relief sought.[5] In other cases, it was said that the alternative writ *"should* set forth all the matters stated in the petition" [State ex rel. Hathaway v. State Board of Health, 103 Mo. 22, 26, 15 S.W. 322] or *"should* [contain], by way of recital, the allegations of the petition" [Bell v. County Court of Pike County, 61 Mo.App. 173, 176(2)]; but, in each instance, the court nevertheless considered the allegations of the petition for the writ.

In ruling a motion to quash, which in effect is under our present practice a motion to dismiss for failure to state a claim upon which relief can be granted [State ex rel. Lovell v. Tinsley, 241 Mo.App. 690, 694, 236 S.W.2d 24, 26(1)] and was under our former practice "a demurrer to *the petition and writ"* [State ex rel. St. Louis-San Francisco Ry. Co. v. Darby, 333 Mo. 1145, 64 S.W.2d 911(1)], our courts have, in

1. State ex rel. Brooks v. Crain, Mo. (banc), 263 S.W.2d 368, 369(1); State ex rel. Eggers v. Brown, 345 Mo. (banc) 430, 437, 134 S.W.2d 28, 31; State ex rel. Dilliner v. Cummins, 338 Mo. (banc) 609, 92 S.W.2d 605, 607(1); State ex rel. Consolidated School Dist. No. 1, Mississippi and New Madrid Counties v. Jones, 320 Mo. (banc) 353, 8 S.W.2d 66, 67(2); State ex rel. Hathaway v. State Board of Health, 103 Mo. 22, 26, 15 S.W. 322; State ex rel. Foster v. Griffin, Mo.App., 246 S.W.2d 396, 397(1); State ex rel. Sharp v. Knight, 224 Mo.App. 761, 26 S.W.2d 1011, 1016(8); State ex rel. Wagner v. Fields, 218 Mo.App. 155, 263 S.W. 853, 856(1); State ex rel. Thomas Cusack Co. v. Shinnick, 208 Mo.App. 284, 232 S.W. 1053, 1054(1); State ex rel. Journal Printing Co. v. Dreyer, 183 Mo. App. 463, 479, 167 S.W. 1123, 1127; State ex rel. Huebler v. Board of Police Com'rs., 108 Mo.App. 98, 82 S.W. 960, 961(1).

2. Brown, supra, 345 Mo. at 437, 134 S.W. at 31; State Board of Health, supra, 103 Mo. at 26, 15 S.W. at 322; Knight, supra, 26 S.W.2d at 1016(8); Fields, supra, 263 S.W. at 856(1); Board of Police Com'rs., supra, 82 S.W. at 961(1).

3. Cummins, supra, 92 S.W.2d at 607(1); Jones, supra, 8 S.W.2d at 67(2); Fields, supra, 263 S.W. at 856(1).

4. All statutory references are to RSMo 1959, V.A.M.S. and all references to rules are to the Rules of Civil Procedure, V.A. M.R.

5. State ex rel. Hambleton v. Bolche, 89 Mo. 188, 1 S.W. 234, 235(1); State ex rel. Glenn v. Smith, 129 Mo.App. 49, 58, 107 S.W. 1051, 1054; Shinnick, supra, 232 S.W. at 1054(1). See Knight, supra, 26 S.W.2d at 1018(19); Board of Police Com'rs., supra, 82 S.W. at 961(1).

most, if not all, of the later cases, looked to the petition for the alternative writ as well as the writ itself. Quite understandably, that has been done where respondent waives issuance of the alternative writ and the petition thus stands as and for the writ,[6] and also where "the petition has been treated as the alternative writ." State ex rel. Priest v. Gunn, Mo. (banc), 326 S.W.2d 314, 328. But the same practice has been followed in a broad variety of factual circumstances, where the motion to quash has charged that *the petition for the writ* did not state facts sufficient to constitute a cause of action against respondent.[7]

■ In the instant case, one of the principal grounds of respondents' motion to quash was "that *the petition for the writ* filed herein upon which the writ was imprudently issued states only conclusions of law and fails to state facts sufficient to authorize the issuance of a writ of mandamus." With the pleadings in this state, we eschew the unnecessary and unrewarding task of undertaking to rationalize or reconcile, if indeed that be possible, the divers holdings on the question under discussion. Suffice it to say that the cases cited marginally in note 7 afford ample authority for our consideration of "all facts well pleaded" [State ex rel. Foster v. Griffin, Mo.App., 246 S.W.2d 396, 397(2)] in both the petition for the alternative writ and the writ itself. State ex rel. and to Use of Markwell v. Colt, Mo.App., 199 S.W.2d 412, 414(1). Recognizing that, as respondents emphasize, their motion to quash did not admit mere conclusions of law stated in the petition or the writ [St. Louis-San Francisco Ry. Co., supra, 333

Mo. at 1148, 64 S.W.2d at 911(1); State ex rel. Lamkin v. Hackmann, 275 Mo. (banc) 47, 204 S.W. 513, 514(1)], we also bear in mind that relator was required to plead only ultimate facts and not evidence. State ex rel. Consolidated School Dist. No. 1, Mississippi and New Madrid Counties v. Jones, 320 Mo. (banc) 353, 358, 8 S.W.2d 66, 67; Sibert v. Litchfield & M. Ry. Co., Mo., 159 S.W.2d 612, 614(1); City of Lebanon v. Holman, Mo.App., 402 S.W.2d 832, 835(5).

■ Before leaving the question under discussion, we add the cautionary comment that the prudent practitioner undoubtedly would be well advised in mandamus proceedings to take care that the averments essential to relator's cause of action are included in the alternative writ which, from a practical standpoint, often may be appropriately accomplished by referring in the writ to the petition therefor, attaching a copy of the petition to the writ, and making the petition a part thereof. Rules 41.02 and 55.14; § 509.130; Crouch v. Tourtelot, Mo. (banc), 350 S.W.2d 799, 801(1).

■ From relator's petition, the alternative writ, and Ordinance No. 61 of respondent City of St. Robert, which was attached to and made a part of respondents' motion to quash and has been treated by all parties as properly for consideration on this appeal, we gather the following. In Section 1 of Ordinance No. 61, enacted on December 18, 1962, the board of aldermen of respondent city declared it "necessary in order to maintain the peace, welfare and good government of the city, to limit the number of licenses for the sale of liquor by the drink" and ordained (a) in Section 2 that no by-

---

6. State ex rel. Rumbold v. Gordon, 238 Mo. 168, 174, 142 S.W. 315, 316; State ex rel. School Dist. of Memphis v. Gordon, 223 Mo. 1, 10, 122 S.W. 1008, 1009 (1); State ex rel. Coffman v. Crain, Mo. App., 308 S.W.2d 451, 453(2); State ex rel. Black v. Renner, Mo.App., 138 S.W. 2d 756, 757(1); State ex rel. Miller v. Smith, Mo.App., 120 S.W.2d 184(1); State ex rel. Sharp v. Knight, 224 Mo. App. 761, 26 S.W.2d 1011, 1013(1).

7. State ex rel. St. Louis-San Francisco Ry. Co. v. Darby, 333 Mo. 1145, 64 S.W. 2d 911(1); State ex rel. May Department Stores Co. v. Haid, 327 Mo. (banc) 567, 38 S.W.2d 44, 46(1); State ex rel. Davis v. Newton, Mo.App., 172 S.W.2d 872(1); State ex rel. La Rue v. Hitchcock, 171 Mo.App. 109, 114, 153 S.W. 546, 548(1).

the-drink license "shall be granted in excess of ten such licenses except each increase in population to the extent of 250 persons over the 1960 population, as determined by the U.S. Government census, shall automatically permit one additional license to be issued as hereinafter provided" and (b) in Section 3 that any applicant for a by-the-drink license "shall show to the satisfaction of the city board [1] that said person has the place of operation and [2] that said place of operation is ready to be opened for business and [3] the applicant must be the owner of real estate located in the City of St. Robert."

Relator, which "has leased restaurant and cocktail lounge facilities" in the Ramada Inn at St. Robert, averred that "the population of the city has increased by more than two hundred fifty (250) since the last federal decennial census and by reason thereof, under the terms of the ordinance, at least eleven (11) licenses for sale of liquor by the drink may be issued and outstanding at one time"; that, having met "all lawful conditions precedent to the issuance" of a by-the-drink license, relator had demanded issuance of such license to it at a meeting of the board of aldermen of respondent city on May 16, 1966; that, however, respondents had refused to issue such license on the ground "that ten (10) licenses for the sale of liquor by the drink in St. Robert" were then outstanding; and that, in the stated circumstances, issuance of such license to respondent was "not a discretionary matter" but "merely a ministerial action."

In its second principal point, relator asserts that "Ordinance No. 61 . . . makes it mandatory for the Board of Aldermen to issue a license for the sale of liquor by the drink when all prerequisites have been complied with; and since the petition . . . alleged compliance with all prerequisites, the trial court erred in sustaining the motion to quash." Countering, respondents argue that the ordinance "shows on its face that the act sought to be compelled is a discretionary act and not a ministerial duty so madamus will not

lie"; that, since the ordinance provides that by-the-drink licenses "shall be issued to *persons* . . . no corporation or firm would be entitled to receive a license thereunder"; and that "neither the petition for the writ nor the writ alleges [relator] has been injuriously affected by the alleged refusal to issue a license . . . so . . . mandamus will not lie." As will become apparent in the ensuing discussion, we neither approve relator's quoted assertion in its entirety nor accept respondents' countering arguments.

Since Rule 55.18 [§ 509.170] provides that "[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred," the allegation in relator's petition that "all lawful conditions precedent to the issuance of said liquor license, as is required by the city ordinance of St. Robert, have been met by it" was proper and adequate. Although, as respondents point out, neither the alternative writ nor the petition therefor specifically affirmed in those terms that relator "has been injuriously affected by the alleged refusal to issue a license," the petition did asseverate that relator "has leased restaurant and cocktail lounge facilities" in the Ramada Inn at St. Robert and "that it is imperative and indispensable to the business and economy of the relator that the said liquor license be issued." In State ex rel. Johnson v. Sevier, 339 Mo. (banc) 483, 487–488, 98 S.W.2d 677, 679(6), the only case cited by instant respondents in this connection, the requirement was stated as being that " '[i]n cases where private rights are sought to be enforced *it must be made to appear by the petition or alternative writ* that the petitioner has been injuriously affected by respondent's default or breach of duty, or that he will be injuriously affected if that duty is *not performed.*' " In our judgment, that was sufficiently "made to appear by the petition" here.

We turn to respondents' contention that the alternative writ was properly

quashed anyway because Ordinance No. 61 provided for issuance of by-the-drink licenses to *"persons"* and, therefore, "no corporation or firm would be entitled to receive a license" thereunder. "Person" is not defined in the ordinance, but the Liquor Control Act contains the all-inclusive definition that " 'person' as used in this chapter shall mean and include any individual, association, joint stock company, syndicate, copartnership, corporation, receiver, trustee, conservator, or other officer appointed by any state or federal court." Section 311.030. The argument of respondents' counsel is that, since the term "person" was not defined in Ordinance No. 61, "the intent of the board . . . must therefore have been to limit the applicants for licenses . . . to individuals . . .." But such power as respondent city has with respect to regulation and control of the sale of intoxicating liquor [see § 311.220(2)] is derived from, and is subject to, the Liquor Control Act [State ex rel. Hewlett v. Womach, 355 Mo. 486, 491, 196 S.W.2d 809, 812(3)]; and, to be valid, any municipal ordinance must be in harmony with the statutory law upon the same subject.[8] In the absence of evidence from which the contrary reasonably may be found or inferred, it is presumed that municipal authorities acted legally and were influenced by proper motives. Silvester v. Mayor and Council of Borough of Princeton, 104 N.J.L. 18, 139 A. 517, 518; 17 McQuillin, Municipal Corporations (3rd Ed.), § 51.69, p. 610; 55 C.J.S. Mandamus § 325a, p. 558. So, we should not and do not ascribe to respondents (even though their counsel is willing so to do) a deliberate intent that the word "person" as used in Ordinance No. 61 should be construed in a manner patently inharmonious with the definition of that term in the Liquor Control Act. The order under review cannot be sustained on any such theory.

In arguing that Ordinance No. 61 "shows on its face that the act sought to be compelled is a discretionary act . . . so mandamus will not lie," respondents point to the provision in Section 3 that an applicant "shall show *to the satisfaction of the city board* [1] that said person has the place of operation and [2] that said place of operation is ready to be opened for business and [3] the applicant must be the owner of real estate located in the City of St. Robert." However, nothing in the writ or the petition suggested that respondents' alleged refusal to issue a license to relator was predicated on relator's failure to "show to the satisfaction of the board" any of the above-quoted requirements in Section 3 of the ordinance. On the contrary, relator averred that "all lawful conditions precedent to the issuance of said liquor license, as is required by the city ordinance of St. Robert, have been met by it" and that respondents have refused to issue a by-the-drink license to relator "on the alleged grounds (sic) that ten (10) licenses for the sale of liquor by the drink in St. Robert have been issued and are now outstanding." As we have noted, respondents' motion to quash, in effect a motion to dismiss for failure to state a claim upon which relief could be granted [Lovell, supra, 241 Mo.App. at 694, 236 S.W.2d at 26(1)], admitted all facts well pleaded in the alternative writ and the petition therefor [St. Louis-San Francisco Ry. Co., supra, 333 Mo. at 1147–1148, 64 S.W.2d at 911(1); Foster, supra, 246 S.W.2d at 397(2)], and our present inquiry is simply as to the sufficiency of the writ and the petition to withstand respondents' attack by motion to quash.

With the requirements in Section 3 of Ordinance No. 61 thus put aside, there yet remains the limitation imposed in Section 2, i. e., that no by-the-drink license

---

**8.** § 71.010; State ex rel. Hewlett v. Womach, 355 Mo. 486, 491, 196 S.W.2d 809, 812(1); John Bardenheier Wine & Liquor Co. v. City of St. Louis, 345 Mo. 637, 135 S.W.2d 345(2); State ex rel. Collins v. Keirnan, 240 Mo.App. 403, 207 S.W.2d 49, 53(8); Fischbach Brewing Co. v. City of St. Louis, 231 Mo.App. 793, 95 S.W.2d 335(2); State ex rel. Smith v. Berryman, 142 Mo.App. 373, 127 S.W. 129, 133(7, 8).

"shall be granted in excess of ten such licenses except each increase in population to the extent of 250 persons over the 1960 population, as determined by the U.S. Government census, shall automatically permit one additional license to be issued as hereinafter provided." The Liquor Control Act does not preclusively regulate but, on the contrary, specifically authorizes municipalities to enact regulatory ordinances [§ 311.220(2)] which are in harmony with the statutory law and are not unreasonable.[9] There is not, and could not well be, any contention that the board of aldermen of St. Robert, a city of the fourth class with a population of 860 in 1960, as shown by the United States census of which we take judicial knowledge [Varble v. Whitecotton, 354 Mo. 570, 190 S.W.2d 244, 246(4); Missouri Public Service Co. v. Barton County Elec. Coop., Mo.App., 353 S.W.2d 818, 819(1)], acted unreasonably in limiting the number of by-the-drink licenses to ten; and, being in no wise inharmonious with the Liquor Control Act, that undoubtedly was a valid regulatory measure. State ex rel. Hewlett v. Womach, 355 Mo. (banc) 486, 196 S.W.2d 809. But relator averred in its petition that the population of St. Robert had increased "by more than" 250 persons, and the verity of that allegation was admitted by respondents' motion to quash.

So in determining the sufficiency of the alternative writ and the petition therefor, we must honor the pleaded declarations that relator had met "all lawful conditions precedent to the issuance of said liquor license, as is required by the city ordinance of St. Robert," that the population of St. Robert had increased by "more than" 250 persons since the 1960 census, but that respondents had refused to issue a license on the ground "that ten (10) licenses for the sale of liquor by the drink in St. Robert have been is-

sued and are now outstanding." Since Section 2 of Ordinance No. 61 provides that the increase in population alleged in relator's petition *"shall automatically permit* one additional license to be issued," refusal of a license to relator could not be justified on the sole and unelaborated ground that ten by-the-drink licenses were outstanding. Hence, we are impelled to the conclusion that the writ and the petition therefor did state a cause of action and that, therefore, the order sustaining respondents' motion to quash and dismissing relator's petition was improvidently entered and must be set aside.

■ The scope and import of our holding should not be misconstrued. When, upon remand, an order overruling the motion to quash is entered, respondents' position will be reflected by their return, in which they *deny* "each and every" allegation in relator's petition excepting only those as to the corporate status of respondent city and the official positions held by the individual respondents and *affirmatively aver*, inter alia, (a) that "no evidence of a population increase in the City of St. Robert . . . was or has ever been presented to the board of aldermen . . . or any official of said city," (b) that "a number of applications" for a by-the-drink license had been filed "ahead of relator's application" and are awaiting determination, (c) that, when its application was filed on or about May 11, 1966, relator owned no real estate in St. Robert, as was required by Section 3 of Ordinance No. 61, although "in a ruse to evade said objection" relator thereafter "purportedly acquired a deed to a strip of land approximately 10 feet in width," and (d) that, when its petition was filed herein, relator had no application on file with the city clerk, its original application having been theretofore withdrawn.

9. Nickols v. North Kansas City, 358 Mo. 402, 214 S.W.2d 710(1, 4, 7); City of Maryville v. Wood, 358 Mo. 584, 216 S.W.2d 75; Passler v. Johnson, Mo., 304 S.W.2d 903, 907(1, 2). See City of Springfield v. Stevens, 358 Mo. (banc) 699, 216 S.W.2d 450, 454(7), 459(24); Vest v. Kansas City, 355 Mo. 1, 194 S.W. 2d 38, 39(2–4); State ex rel. Kemerling v. Peterson, 240 Mo.App. 700, 214 S.W. 2d 739, 741(1–4); City of Flat River v. Mackley, Mo.App., 212 S.W.2d 462, 466, 467(4), 468(8).

It then will be incumbent upon relator to place the case at issue [Rule 94.02; § 529.020; State ex rel. Duggan v. Kirkwood, 356 Mo. (banc) 842, 845, 204 S.W.2d 307, 309; State ex rel. Stueve v. Reynolds, 266 Mo. 12, 178 S.W. 468]; and, if relevant and material issues of fact are joined, they will be for trial and determination by the court, with the burden resting upon relator to establish the truth of its contentions by the quantum of evidence demanded by the law in a case of this nature. See State ex rel. Christian v. Lawry, Mo.App., 405 S.W.2d 729, 731(6, 7), and cases there cited.

■ In the interest of further minimizing the possibility of error upon remand, it may not be amiss for us to add these comments relative to the rights and duties of the respective parties. The provision in Section 2 of Ordinance No. 61 that "each increase in population to the extent of 250 persons over the 1960 population . . *shall automatically permit* one additional license to be issued as hereinafter provided" means that each such increase in population "shall automatically" *allow* or *authorize* the issuance of an additional license but is not fairly susceptible of relator's interpretation that each such increase "shall automatically" *require* the issuance of such license. "The words 're-quire' and 'permit' express different ideas; in the ordinary use of the English language the one does not include the other." In re Boyd, 2 Cir., 213 F. 774, 775–776, appeal dismissed 241 U.S. 689, 36 S.Ct. 549, 60 L.Ed. 1237. See definitions of "permit" and "require" in Webster's Third New International Dictionary, pp. 1683, 1929.

■ Of course, neither a county [State ex rel. Floyd v. Philpot, 364 Mo. 735, 266 S.W.2d 704] nor a city [State ex rel. Collins v. Keirnan, 240 Mo.App. 403, 409–410, 207 S.W.2d 49, 54(10)] is empowered to review or nullify the action of the state supervisor of liquor control in granting a *state* license under the Liquor Control Law. Chapter 311. But, as we have noted, cities are specifically authorized to enact regulatory ordinances [§ 311.220(2)] which are in harmony with the statutory law and are not unreasonable [see cases cited marginally in note 9], and numerous cases exemplify the truth that municipal authorities are not stripped of all discretion in passing upon applications for *city* liquor licenses.[10]

■ On the other hand, in some circumstances issuance of such licenses properly may be compelled by mandamus, as is illustrated by cases cited in instant relator's brief, namely, Collins, supra, 240 Mo.App. at 410, 207 S.W.2d at 54, where "[t]he pleadings and the evidence" showed that relator was "in every way qualified" to operate a tavern, "the only question involved was one of law," and the municipal authorities were "in error as to the law"; Floyd, supra, 364 Mo. at 744–745, 266 S.W.2d at 710–711, where the county court had no express or implied authority other than to determine the license fee within statutory limits and upon "the admitted facts" had no discretion to refuse the license; and State ex rel. Wirt v. Cass County Court, 137 Mo.App. 698, 119 S.W. 1010, where it was "conceded by the pleadings that the relator [was] a proper party to receive a license, and that every requirement [had] been met" and the county court should issue the license unless prevented from doing so by a certain local option election [137 Mo.App. at 704, 119 S.W. at 1011], and it was held that said election was invalid and thus "the only reason for refusal" was insufficient as a matter of law. 137 Mo.App. at 711, 119 S.W. at 1014. And municipal authorities would be well-advised to bear in mind that, although the writ of mandamus may not be used to control the exercise of discretion in good faith [State ex rel. Kugler v. Tillat-

---

10. Mangieracina v. Haney, Mo.App., 141 S.W.2d 89, 91–92(5, 6); State ex rel. Bismark Grill v. Keirnan, 238 Mo.App. 507, 181 S.W.2d 798, 802(1), 803(4); State ex rel, Missouri Baptist Hospital v. Nangle, Mo.App., 230 S.W.2d 128, 131 (7); State ex rel. Bruno v. Johnson, Mo. App., 270 S.W.2d 99, 103.

son, Mo. (banc), 312 S.W.2d 753, 757(9)], it will lie where a supposed discretion has been exercised arbitrarily, capriciously or in bad faith,[11] in those circumstances it being regarded that the field of discretion was abandoned. State ex rel. Shartel v. Humphreys, 338 Mo. 1091, 93 S.W.2d 924, 926(2) ; Mangieracina v. Haney, Mo.App., 141 S.W.2d 89, 92(7) ; State ex rel. Wagener v. Cook, Mo.App., 187 S.W. 1122, 1123.

The order of the circuit court entered on November 28, 1966, sustaining respondents' motion to quash the alternative writ, quashing that writ, and dismissing relator's petition is set aside and for naught held, and the cause is remanded (a) with directions to enter an order setting aside the aforesaid order of November 28, 1966, and overruling respondents' motion to quash, and (b) for further proceedings thereafter not inconsistent with this opinion.

HOGAN, P. J., and TITUS, J., concur.

11. State ex rel. Kugler v. Tillatson, Mo. (banc), 312 S.W.2d 753, 758(9); State ex rel. Shartel v. Humphreys, 338 Mo. 1091, 93 S.W.2d 924, 926(2) ; State ex rel. Reis v. Nangle, Mo.App., 349 S.W.2d 508, 512(4) ; Mangieracina, supra, 141 S.W.2d at 92(7) ; State ex rel. Hultz v. Bowman, Mo.App., 294 S.W. 107, 109 (3) ; State ex rel. Hendricks v. Newton, Mo.App., 206 S.W. 392, 393; State ex rel. Wagener v. Cook, Mo.App., 187 S.W. 1122, 1123(2) ; Journal Printing Co., supra, 183 Mo.App. at 481, 167 S.W. at 1127–1128.