STATE of Missouri ex rel. Max THOM-
AS and Virginia Thomas, Appellants,

v.

BOARD OF ALDERMEN OF the CITY
OF ROCK PORT, Missouri, Herbert
Johnson, Frank Heyen, Bob Coit, Bryon
Dewey and Joyce Stoner, in their capaci-
ty as Board Members, Respondents.

No. WD 30287.

Missouri Court of Appeals,
Western District.

June 29, 1979.

John A. Koepke, Kansas City, for appel-
lants; Morris, Larson, King, Stamper &
Bold, Kansas City, of counsel.

Walter L. Mulvania, Rock Port, for re-
spondents.

Before SOMERVILLE, P. J., and
PRITCHARD and MANFORD, JJ.

PRITCHARD, Judge.

Appellants obtained an alternative writ
of mandamus from the trial court directing
respondents to act upon their application
for a liquor license. Respondents filed their
return along with a motion to dismiss the
alternative writ upon the ground that the
petition therefor shows on its face that
appellants did not make application for a
particular liquor license as evidenced by the
copy of the application attached to the peti-
tion and as required by the Rock Port ordi-
nances, and that (therefore) the duty of
respondents in passing upon or not is not
required without a proper written applica-
tion. The trial court sustained the motion
to dismiss, and the issue here is whether
appellants stated a claim for relief in their
petition for the writ.

The written application, contained in a
letter to respondents dated August 29, 1977,
written by appellants' attorney, Mr. Jeffer-
son G. Broady, is attached to their petition
for the alternative writ of mandamus, and
is as follows: "Re: Liquor License for Max
and Virginia Thomas Dear Counsel Mem-
bers: This letter is inform you in writing of
Max and Virginia Thomas' application for a
liquor license at their establishment located
at 416 South Main Street, the former Sear's
retail outlet and the store immediately
North on the same side of the street with

common boundary with the other store. As you may know Mr. Thomas has orally attempted to win counsel approval of his license. This letter is to confirm in writing the his application for the said license in compliance with the Section 3–23 which provides the said license application shall be in writing. Please authorize the clerk to issue said license immediately."

Ordinance 3–23 of Rock Port is: "All applications for license required by this article shall be made in writing to the Board of Aldermen and shall accurately describe the premises where the business is to be conducted. All applications for such licenses shall be passed on by the Board, and on approval of an application, the Board shall instruct the city clerk to issue said license on payment of the required fee."

■ Assuming, but not deciding, that a written application for a liquor license could be signed by someone on appellants' behalf, i. e., as here, their attorney, yet the application submitted to respondents does not describe the type of liquor license desired to be issued. Thus, as contended by respondents, the application did not give rise to any duty on respondents to pass upon it. There are many kinds of liquor licenses which are authorized to be issued by cities such as Rock Port. Note § 311.220 2. RSMo 1978, which provides that the board of aldermen of incorporated cities may charge for licenses issued to manufacturers, distillers, brewers, wholesalers and retailers of all intoxicating liquors. The application of appellants does not exclude, or describe with detail, any of these categories. Nor does it reference "Sale by the Drink" as authorized to any incorporated city, after an election thereon, under §§ 311.090, et seq. It is true that appellants' affidavit attached to their petition for the alternative writ describes their desired license for liquor by the drink, which affidavit and petition were dated and filed April 13, 1978, long after their counsel's letter was submitted to respondents. The alternative writ issued by the trial court directed respondents to "grant or deny, pass upon or otherwise rule upon Relator's liquor license application * * *." That alternative writ could only relate to the application for liquor license pending before respondents on August 29, 1977, and no affidavit filed in the circuit court could change it. When it was brought to the attention of the court that the application failed to describe the kind of license desired, there was no alternative than to dismiss the writ, counsel's letter being attached to the petition as a part thereof. It is thus apparent that appellants had no clear and unequivocal right to the relief requested. *State ex rel. Sprague v. City of St. Joseph*, 549 S.W.2d 873 (Mo. banc 1977). Under the state of the pleadings, and the fact that respondents had not acted upon the application for liquor license, the only relief would have been to direct them to act, one way or another. The petition and attachments being insufficient to state a claim to relief, the trial court was without authority to hear evidence anew and adjudge thereon whether appellants were entitled to a license, as suggested by appellants. This case is thus apposite to *State ex rel. Kopper Kettle Restaurants, Inc. v. City of St. Robert*, 424 S.W.2d 73 (Mo.App.1968). Strangely, appellants at no time after August 29, 1977, amended their application for liquor license or filed one anew.

The judgment is affirmed.

All concur.