**STATE ex rel. FIRST NATIONAL BANK OF LINN CREEK, CAMDENTON, Missouri, a Banking Corporation, Relator-Respondent,**

v.

**STATE BANKING BOARD of the State of Missouri and the Members thereof, William J. Bollwerk, William F. Enright, Jr., Daniel J. McAuliff, L. W. Meier, Jr., and Don W. Redding, Respondents,**

and

**Citizens Bank of Climax Springs, Climax Springs, Missouri, a Banking Corporation, Intervenor-Appellant.**

**No. KCD 30440.**

Missouri Court of Appeals, Western District.

Oct. 29, 1979.

Carl E. Yates and Ronald L. Holmes, Springfield, for intervenor-appellant.

Forrest P. Carson, Cullen Coil, Jefferson City, for relator-respondent.

Irven L. Friedhoff, Jefferson City, for respondents.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

The Circuit Court of Cole County, Missouri, issued a peremptory writ of mandamus which required the State Banking Board of Missouri to accept jurisdiction of an appeal by relator First National Bank of Linn Creek from a decision by the Director of Finance under § 362.108, RSMo 1978. The challenged decision had authorized the Citizens Bank of Climax Springs to maintain and operate a separate facility in Greenview, located at the junction of Highways 5 and 7 in Camden County, Missouri. The State Banking Board on August 15, 1977, had dismissed the Linn Creek bank's appeal on the ground that it had no jurisdiction to review decisions by the Director of Finance made pursuant to § 362.108.

The intervenor Climax Springs bank has appealed the court's judgment issuing the peremptory writ. The State Banking Board has not appealed.

The chronology of the case in the trial court is as follows: After the decision of the Director of Finance, and after the rejection by the State Banking Board of the Linn Creek bank's appeal therefrom, the Linn Creek bank on August 17, 1977, filed in the Circuit Court of Cole County its petition for review under Rules 100.04 to 100.08. The Climax Springs bank on September 13 filed a motion to dismiss that case on several grounds, including lack of jurisdiction over the subject matter. Nothing further occurred in that case of any present significance until February 2, 1978, when the petition for review was voluntarily dismissed by the Linn Creek bank.

In the meantime, on September 27, 1977, the Linn Creek bank had filed this mandamus case against the State Banking Board, and the alternative writ of mandamus was issued. The writ was returnable October 17, 1977, and the State Banking Board actually filed its return on October 21, 1977. The Climax Springs bank did not formally enter the case until April 3, 1978, when it filed its motion to intervene as a respon-

dent, and at the same time filed its "Motion to quash alternative writ of mandamus". The motion to intervene was sustained by the court on June 19. On June 19, also, the intervenor's motion to quash the alternative writ of mandamus was overruled, and the case was set for trial June 27, 1979.

On April 20, relator Linn Creek bank had filed its answer to the return of respondent Banking Board. On May 1, intervenor Climax Springs bank filed a return to the alternative writ of mandamus by adopting the State Banking Board's return. On May 5, the relator Linn Creek bank filed its answer to intervenor's return by adopting the answer which it had made to the State Banking Board's return.

The case was tried June 27, 1979, resulting in the judgment being appealed from.

The Climax Springs bank on this appeal argues, first, that the Banking Board has no jurisdiction to review the decisions of the Director of Finance authorizing banking facilities pursuant to § 362.108, and that the trial court therefore erred in issuing its peremptory writ of mandamus requiring the State Banking Board to entertain such appeal.

■ The substantive issue has been settled, adversely to the appellant, by *Farmer's Bank of Antonia v. Kostman et al.*, 577 S.W.2d 915, 921 *et seq.* (Mo.App.1979). There it is held that the action of the Director of Finance in granting authority for a facility such as the one now under consideration, is subject to review by the State Banking Board. The trial court correctly so found.

The Climax Springs bank, however, raises another point which it claims defeats the Linn Creek bank's entitlement to the writ of mandamus. It claims that the alternative writ of mandamus should have been quashed upon motion of intervenor Climax Springs bank because the relator Linn Creek bank was tardy in filing its answer to the Banking Board's return. The Board's return was filed October 21, 1977, and the relator's answer was filed April 20, 1978, an interval of 181 days.

There is no statute or court rule which fixes a time within which a relator's response to the return is to be filed. Supreme Court rule 94.09 says that the court may allow such "convenient time . . . as to the court shall seem just and reasonable". In the present case, no order was made or requested by any party delimiting the time for filing the responsive pleading. Appellant Climax Springs bank acknowledges that the time to be allowed for making answer to the return is discretionary with the trial court. *State ex rel. Duggan v. Kirkwood*, 356 Mo. 842, 204 S.W.2d 307, 309–310 (banc 1947); *State ex rel. Stueve v. Reynolds*, 266 Mo. 12, 178 S.W. 468, 471 (1915); Rule 94.09. It says, however, that in this case, the receipt of the relator's answer to the Banking Board's return after 181 days was an improper exercise of that discretion. It points to two factors which it claims makes the answer untimely.

The first such factor is that the Linn Creek bank, at the time of filing its application for a writ of mandamus, had pending in the same court a petition for review of the action of the Director of Finance under the judicial review provisions of Rules 100.-04 to 100.08. The two cases proceeded on a parallel course from the filing of the mandamus case September 27, 1977, till the petition for review was dismissed February 2, 1978.

Intervenor cites us to the case of *State ex rel. Wahl v. Speer*, 284 Mo. 45, 223 S.W. 655, 657–9 (banc 1920), which says that a writ of mandamus, being an extraordinary remedy and a discretionary writ, ought to be withheld if there is pending a prior suit between the parties in which adequate relief can be obtained. Whether in the case before us the petition for review promised an adequate remedy is a question we do not need to reach, for that proceeding was dismissed February 2, 1978, leaving a clear field to the mandamus case. Thus the record stood when the Climax Springs bank filed its motion to intervene on April 3.

As a second factor bearing upon the court's discretion in allowing the filing of the answer, and upon his denial of the

motion to quash the alternative writ, the Climax Springs bank says in its brief that it was proceeding—in compliance with the Director's certificate of authority—with the construction of permanent quarters for the facility at Greenview, in order to complete the same by July 18, 1978, the date fixed by the Director's certificate of authority for commencing business in permanent quarters, and with the contribution of an additional $50,000 capital, another requirement of the Director. These statements in intervenor-appellant's brief are not supported by the record, for the record does not tell us that the Climax Springs bank was proceeding with the construction of permanent quarters as this mandamus case was pending, or that the additional $50,000 had been contributed to the Climax Springs bank capital. The record does not show whether the Climax Springs bank had applied to the Director of Finance for an extension of the time when business should be commenced in permanent quarters. We take it that the times set in the Director's original certificate for meeting his requirements and commencing business were not immutably fixed, but could be extended by him upon good cause shown.

The record does not show that intervenor Climax Springs bank sought at any time to hasten the trial of the case, or that it sought any court order delimiting the time for relator's answer. In view of our disposition of the case, we do not need to decide whether in any case a responsive pleading could be held untimely without such an order. Intervenor does not contend here that the trial or its disposition was in any way delayed by relator's failure to file its answer earlier. It has shown no prejudice to itself by the time lapse between the Banking Board's return and relator's answer thereto.

We conclude that neither of the factors emphasized by the intervenor Climax Springs bank foreclosed the court's receiving the relator's answer, or required the court to sustain the Climax Springs bank's motion to quash the alternative writ because of the lapse of time from return to answer.

We find therefore that the trial court was correct in overruling appellant-intervenor's motion to quash the alternative writ. Having already found as a substantive matter that the State Banking Board is required to entertain relator's appeal from the adverse (to it) decision granting to the Climax Springs bank authority to maintain and operate a separate banking facility at Greenview, we affirm the judgment of the circuit court in issuing its peremptory writ to that purpose.

All concur.